# DS & BH Holdings II, LLC v. Snyder

236

C.P. of Monroe County, No. 1096 CIVIL 2014

*James A. Doherty, Jr.,* for plaintiffs.
*Eugene J. Maginnis, Jr.* and *Anne K Manley,* for defendants.

HIGGINS, *J.,* Sept. 5, 2014—This matter is before the court on additional defendant's, Angelo C. Terrana, Jr., Esquire ("Terrana"), preliminary objections to joinder complaint filed by defendants, Coldwell Banker Commercial, Pennco Real Estate, Inc. and Susan Mikels ("joinder plaintiffs"). On February 18, 2014, plaintiff DS & BH Holdings, II, LLC ("plaintiff") filed a complaint against defendants Jeffrey A. Snyder and Linda J. Snyder, individually and as husband and wife ("Snyders"), Coldwell Banker Commercial, Pennco Real Estate, Inc. and Susan Mikels. On May 19, 2014, plaintiff filed an amended complaint seeking to clear a cloud on title and recovery of funds paid to Snyders for purchase of a property commonly known as Mini-Storage in Hillside Business Park, Pocono Township, Monroe County, Pennsylvania. Prior to settlement on the Mini-Storage property, plaintiff alleges that Snyders failed to disclose a mortgage in favor of Wayne Bank in the amount of $1,259,103.93[1]. On April 11, 2014, Joinder plaintiffs filed a joinder complaint against Terrana. Joinder plaintiffs allege that plaintiff retained Terrana to perform a title search which failed to disclose the Wayne Bank mortgage which makes Terrana jointly liable over to them. On June 30, 2014, Terrana filed

---

1. The amount plaintiff seeks to recover in its amended complaint is $196,175.24.

preliminary objections to joinder complaint.

In ruling on preliminary objections, we must accept as true all well-pleaded, material and relevant facts, along with all reasonably deducible inferences therefrom. *Schuylkill Navy v. Langbord*, 728 A.2d 964, 968 (Pa. Super. 1999). We need not accept as true, however, "conclusions of law, unwarranted inferences from the facts, argumentative allegations or expressions of opinion." *Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Cmwlth. 1998). When ruling on a preliminary objection that would dismiss the action, we are mindful to sustain the objection only in the clearest of cases. *Regal Industrial Corporation v. Crum and Forster, Inc.*, 890 A.2d 395, 398 (Pa. Super. 2005) (citation omitted). With these standards in mind, we now address Terrana's preliminary objection to joinder plaintiffs' complaint.

Terrana's first objection alleges that the Certificate of Merit ("COM") filed by joinder plaintiffs is improper since Terrana did not have an attorney client relationship with joinder plaintiffs and therefore they cannot maintain a malpractice action against him. Alternatively, Terrana claims that if a COM is filed, the joinder plaintiffs are bound by it and they are not permitted to maintain any other action against him.

A cause of action for legal malpractice contains three elements: the plaintiff's employment of the attorney or other grounds for imposition of a duty; the attorney's neglect to exercise ordinary skill and knowledge; and the occurrence of damage to the plaintiff proximately caused by the attorney's misfeasance." *Epstein v. Saul Ewing LLP*, 7 A.3d 303, 313 (Pa. Super. 2010). Whether a duty exists under a particular set of facts is a question of law. *Campisi v. Acme Mkts.*, 915 A.2d 117, 119 (Pa. Super. 2006).

*Kirschner v. K. & L. Gates, LLP*, 46 A3d. 737, 749 (Pa. Super. 2012). Joinder plaintiffs agree that they are not pursuing a legal malpractice action against Terrana. Joinder plaintiffs argue that their complaint sounds in negligence and they filed the COM in an abundance of caution and they are not pursuing a malpractice action against Terrana. Since joinder plaintiffs agree that they are not pursuing a malpractice action, we will overrule this objection.

At oral argument, Terrana argued that once a COM was filed, the joinder plaintiffs are bound by it and are not permitted to maintain any other action against him. However, in his brief, Terrana only cites legal authority that he may not be joined since joinder plaintiffs do not have standing to assert a legal malpractice claim. Since Terrana has not provided any legal authority for this proposition, we consider this issue waived. Issues which are not developed or supported by citation to appropriate legal authority are waived. *Treasure Lake Property Owner's Association, Inc. v. Meyer*, 832 A.2d 477 (Pa. Super. 2003).

Joinder plaintiffs argue that their action sounds in negligence and that they should be permitted to pursue the action against Terrana.

Negligence is proved by (1) a duty or standard of care; (2) a breach of that duty or standard; (3) proximate causation; and (4) actual damages. *Carlotti v. Employees of General Electric Federal Credit Union No. 1161*, 111 A.2d 564, 567 (Pa. Super. 1998). Before one can breach a duty to another; that duty must be recognized. *Id.* Since we must accept as true all well-pleaded, material and relevant facts, along with all reasonably deducible inferences therefrom, we will review the joinder complaint and determine whether joinder plaintiffs have pleaded a

negligence claim against Terrana.

Joinder plaintiffs aver that Terrana, as title agent, failed to disclose the mortgage in favor of Wayne Bank. There is no allegation that Terrana acted as Joinder Plaintiffs' agent at the closing. Joinder complaint (hereinafter "J.C."), at ¶4. Joinder plaintiffs next aver that Terrana's title search did not discover or disclose the mortgage and plaintiff proceeded to closing in reliance on the title search performed. J.C. at ¶8. Joinder plaintiffs aver that Terrana, as title agent, owed a duty of care to plaintiffs which caused plaintiff to sustain damages. J.C. at ¶ 13. The joinder complaint is not specific about what duty or standard of care was owed to them by Terrana. Finally, joinder plaintiffs claim that as a result of Terrana's breach of duty to plaintiff, Terrana is solely liable to plaintiff.

After reviewing all of the well-pleaded material facts and the deducible inferences, we cannot say that joinder plaintiffs have pleaded a cause of action against Terrana. The facts as plead in the joinder complaint allege a duty to plaintiff, as their title agent, and not joinder claintiffs. Accordingly, we must sustain Terrana's preliminary objections. However, where there is the potential to amend the complaint successfully, we will permit the amendment. Accordingly, we permit joinder plaintiffs to amend their joinder complaint to set forth a cognizable cause of action against Terrana.

In light of the foregoing, we enter the following order.

It is further ordered that joinder plaintiffs, Penn Commercial Real Estate, LLC, improperly named as Coldwell Banker Commercial Pennco Real Estate, Inc. and Susan Mikels shall have 20 days from notice of this order to file an amended joinder complaint.