J-A21009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GWENDOLYN BELLAMY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WELLS FARGO AND WELLS FARGO CORPORATION, | |
| Appellees | No. 2391 EDA 2015 |

Appeal from the Order Entered July 27, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  July Term, 2013 No. 04117

BEFORE:  BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED NOVEMBER 15, 2016**

Appellant, Gwendolyn Bellamy, appeals from the trial court's July 27, 2015 order granting Appellees', Wells Fargo and Wells Fargo Corporation (collectively referred herein as "Wells Fargo"), motion for summary judgment.  We affirm.

The trial court set forth the facts and procedural history of this case as follows:

> Appellant commenced this case on July 30, 2013, with the filing of a Complaint, raising one count of Negligence against Appellees, Well Fargo Corporation, and Imperial/Aramingo General Partners, LLC.  The complaint averred that on August 26, 2011, Appellant, who "ambulated with a walker," attempted to manually open the door to exit the bank, and fell to the ground.  Appellant averred that the lack of handicap doors was negligence causing her injuries.

On October 16, 2013, Defendant Imperial/Aramingo General Partners, LLC ("Imperial/Aramingo") filed an Answer to the Complaint with New Matter and Crossclaim, denying Appellant's averments and raising numerous affirmative defenses, as well as a counterclaim against Appellees Wells Fargo and Wells Fargo Corporation.

That same day, Appellees Wells Fargo and Wells Fargo Corporation ("Appellee Wells Fargo") filed an Answer to the Complaint with New Matter and Crossclaim, denying Appellant's averments and raising numerous affirmative defenses, as well as a counterclaim against [Imperial/Aramingo].

On October 21, 2013, Appellant filed Answers to Appellees' New Matters, denying them as conclusions of law to which no response was needed.

On November 6, 2013, Appellee Wells Fargo filed a Reply to Imperial/Aramingo's New Matter and Crossclaim.

On November 7, 2013, Imperial/Aramingo filed a Reply to Appellee Wells Fargo's Crossclaim.

On January 20, 2015, following arbitration, a panel of Arbitrators found for all Appellees against Appellant.

On February 5, 2015, Appellant appealed the Arbitration Award to this court.

On May 4, 2015, discovery closed.

On May 27, 2015, Imperial/Aramingo filed a Motion for Summary Judgment, averring that though it owns the retail "strip center" on which Wells Fargo Bank is located, it does not occupy or control any portion of the premises, but instead leases them to various commercial tenants, arguing that Appellant had not proven causation and proximate cause, and additionally, that it was indemnified as a landlord out of possession.

On June 1, 2015, Appellee Wells Fargo filed a Motion for Summary Judgment, averring that video showed that Appellant backed into the exit door to open it, and fell when another customer entered the bank. Further, Appellee argued Appellant saw her podiatrist July 20, 2011 and sought no further treatment until September 23, 2011, a month after the incident. Appellee argued that Appellant had a non-displaced fracture of her small toe as of July 20, 2011, and that Appellant had not provided

credible expert testimony differentiating her pre-incident status from her post-incident presentation and that she could not prove she had sustained damages. Appellee averred that at depositions, Appellant could not remember how she broke her toe in July, 2011. Further, Appellee argued Appellant had not shown that any Appellee was negligent. Appellee averred it had secured the expert opinion of a professional engineer who would testify that the manual doors in place at the subject premises on the date of the incident were in compliance with Philadelphia and International Building Codes.

On June 26, 2015, Appellant filed an Answer in Opposition to Appellee Wells Fargo's Motion for Summary Judgment. The Answer averred that Appellant had served Appellee with an expert medical report on June 26, 2015. Appellant argued that expert testimony was not necessary where the matter under investigation was so simple, and lack of skill or want of care so obvious, as to be within the range of ordinary experience and comprehension of even nonprofessional persons.

On July 27, 2015, this court granted Imperial/Aramingo's Motion for Summary Judgment and Appellee Wells Fargo's Motion for Summary Judgment. Appellant did not file a Motion for Reconsideration of this Order.

On July 28, 2015, Appellant filed a timely Notice of Appeal to the Superior Court of Pennsylvania with respect to the Order granting Summary Judgment in favor of Appellee Wells Fargo. Appellant did not appeal with respect to the Order granting Summary Judgment in favor of Imperial/Aramingo.

On July 28, 2015, this Court issued its Order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file her Concise Statement of Matters Complained of on Appeal within twenty-one (21) days.

On July 31, 2015, Appellant filed her Concise Statement of Errors Complained of on Appeal….

Trial Court Opinion (TCO), 11/6/15, at 1-3.

In her appeal, Appellant raises four issues for our review:

1. Whether the trial court erred and/or abused its discretion when it granted [s]ummary [j]udgment to [Wells Fargo] when [Appellant] produced a medical expert report.

2. Whether the trial court erred and/or abused its discretion when it granted [s]ummary [j]udgment to [Wells Fargo] when a liability expert report is not required to provide evidence that [Wells Fargo] [was] negligent by failing to assist and accommodate a handicapped and physically-challenged person on its business premises in entering and exiting the premises.

3. Whether the trial court erred and/or abused its discretion when it granted [s]ummary [j]udgment to [Wells Fargo] when there was evidence of record indicating that [Wells Fargo] was negligent in failing to assist and accommodate a handicapped and physically-challenged person on the premises in entering and exiting the premises which precluded summary judgment.

4. Whether the trial court erred and/or abused its discretion when it granted [s]ummary judgment to [Wells Fargo] and usurped the role of the jury to resolve genuine issues of material fact regarding whether [Wells Fargo] met their duty to inspect for hazardous conditions and protect business patrons from said hazards.

Appellant's Brief at 4. We address these issues out of order in the interest of efficiency.

Initially, we set forth our standard of review:

[S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.

*Truax v. Roulhac*, 126 A.3d 991, 996 (Pa. Super. 2015) (*en banc*) (internal citations and quotations omitted). We additionally note:

> [O]ur responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Id.* at 997 (citation omitted). "[F]ailure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." *Id.*

We begin our review by considering Appellant's claim that the trial court erred and/or abused its discretion by granting summary judgment in favor of Wells Fargo when there was evidence indicating that Wells Fargo was negligent in failing to accommodate an individual with a disability in entering and exiting the premises. *See* Appellant's Brief at 4. In granting Wells Fargo's motion for summary judgment, the trial court determined, *inter alia*, that "there is no legally recognized duty that Appellant has pointed out that has been breached." TCO at 5. However, Appellant argues that Wells Fargo "had a duty to provide and/or implement reasonable safeguards to accommodate customers with special needs. At the very minimum, a determination of whether … Wells Fargo had an affirmative duty to maintain reasonable safeguards is a genuine issue of material fact." *Id.* at 15.

It is well-established that "[i]n order to hold a defendant liable for negligence, the plaintiff must prove the following four elements: (1) a legally recognized duty that the defendant conform to a standard of care; (2) the

defendant breached that duty; (3) causation between the conduct and the resulting injury; and (4) actual damage to the plaintiff." *Truax,* 126 A.3d at 997 (citation omitted). We have explained that "[w]hether a duty exists under a particular set of facts is a question of law." *Campisi v. Acme Markets, Inc.*, 915 A.2d 117, 119 (Pa. Super. 2006) (citations omitted). "The level of any duty owed to one present on another's land depends on that person's status." *Truax,* 126 A.3d at 997 (citation omitted). Pertinent to the matter at hand, "[t]he duty owed to a business invitee is the highest duty owed to any entrant upon land. The landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered with reasonable care." *Id.* (citations omitted). We apply the Restatement (Second) of Torts § 343 to ascertain the scope of duty that property owners owe to business invitees. *Campisi*, 915 A.2d at 119. Section 343 states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, if but only if, he:
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343.

Here, it is not disputed between the parties that Appellant was a business invitee. *See* Appellant's Brief at 13; Appellees' Brief at 15. As a business invitee, Appellant argues that Wells Fargo "had a duty to conduct reasonable inspections of the property to discover dangerous conditions and to provide such warning or safeguards as may be necessary for the business invitee's protection." Appellant's Brief at 14 (citations omitted). As such, Appellant contends that "[h]ad [Wells Fargo] used reasonable care in paying attention to their customers entering and exiting the Bank, they may have discovered the dangers of not having handicap-friendly and/or [an] automatic[]-door system." *Id.* at 15 (emphasis omitted).

Although we acknowledge the importance of ensuring accessibility for individuals with mobility disabilities in places of public accommodation, we cannot conclude that Wells Fargo was under a duty to protect Appellant from the manual doors. In short, Appellant fails to proffer sufficient evidence to satisfy the requirements of Section 343. First, Appellant asks this Court to characterize the manually-operated doors as an unreasonably risky condition pursuant to Section 343(a). In making this argument, Appellant would effectively require all businesses to have automatic doors. We concede that automatic doors would likely be safer and easier for individuals with mobility disabilities to navigate. Nevertheless, it does not mean that having a manually-operated door, without more (for example, issues related to the width or weight of the door, or other obstructions), poses an unreasonable

risk, or a hazard, to individuals. In other words, Appellant does not demonstrate that the manual door itself is a defective condition.

Second, in contravention of Section 343(b), Appellant also does not offer **any** evidence or authority that Wells Fargo expected, or should have expected, that she would not discover or realize the danger of using the manually-operated door, or would fail to protect herself against it. **See Campisi**, 915 A.2d at 120 (noting that, under the Restatement, "no liability exists when the dangerous condition is known or obvious to the invitee unless the proprietor should anticipate the harm despite such knowledge"). On the other hand, Wells Fargo claims that Appellant had been visiting that specific Wells Fargo facility at least once a month for nearly 7 years, which Appellant does not dispute. Appellees' Brief at 7. This evidence indicates that the manual door was known and obvious to Appellant, and she had used it for several years preceding the incident at issue. Absent any contrary evidence from Appellant, we cannot conclude that Section 343(b) has been met.

Finally, Appellant does not demonstrate how Wells Fargo failed to exercise **reasonable** care under Section 343(c). We reiterate that Appellant has not convinced us that the manual door, by itself, is a defective condition in need of repair. **See** Comment to Restatement (Second) of Torts § 343 ("An invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it **reasonably safe by repair** or to give warning of the

actual condition and the risk involved therein.") (emphasis added). Appellant asserts that the manually-operated door amounts to unreasonable care. Yet, as Wells Fargo argues, Appellant proffers **no** evidence of standards, customs, or requirements in support of this proposition. **See** Appellees' Brief at 19. Instead, Appellant insists that it is a matter of "common sense." Appellant's Brief at 17. Appellant claims that "in negligence actions, expert testimony is not required where the matter under investigation is so simple, and the lack of skill or … care is so obvious, as to be within the range of ordinary experience and comprehension of even nonprofessional persons." **Id.** at 16 (citing **Ovitsky v. Capital City Economic Development Corporation,** 846 A.2d 124, 126 (Pa. Super. 2003)) (emphasis added in Appellant's brief omitted). However, as stated *supra*, the lack of care in having a manually-operated door is not obvious to this Court. Thus, Section 343(c) has not been met.

While we are sympathetic to Appellant, we must conclude that she has not demonstrated that Wells Fargo had a legally recognizable duty to protect her from manual doors. As the trial court pointed out, this matter sounds more in enforcing or amending the requirements of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, than in negligence. **See**

TCO at 6. Consequently, we affirm the trial court's order granting Wells Fargo's motion for summary judgment.[1]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016

---

[1] Because we have determined that Appellant did not establish that Wells Fargo had a legally recognized duty to protect Appellant from the manually-operated doors, we do not address the other issues raised in Appellant's brief.