J-A31022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RACHITA BARNES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PHL RENTAL PROPERTIES, LLC AND JOHNNY DANG | |
| APPEAL OF: PHL RENTAL PROPERTIES, LLC | |
| | No. 2692 EDA 2015 |

Appeal from the Judgment Entered August 4, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 000877 February Term, 2014

BEFORE:  BENDER, P.J.E., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED MARCH 20, 2017**

PHL Rental Properties, LLC ("PHL Rental") appeals from the August 4, 2015 judgment entered in the Philadelphia Court of Common Pleas in favor of Rachita Barnes and against PHL Rental.  Following a jury trial, the jury found in favor of Barnes and awarded her $450,000.00 in damages.[1]  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The jury also found that co-defendant Johnny Dang was negligent. However, the jury found that Dang was PHL Rental's agent and working within the scope of his agency.  Accordingly, the jury found PHL Rental
*(Footnote Continued Next Page)*

The trial court set forth the factual and procedural history, which we incorporate and adopt herein. Opinion, 6/28/16, at 1-4 ("1925(a) Op.").

PHL Rental raises the following issue on appeal:

> Whether the lower court abused its discretion by denying PHL [Rental's] motion for summary judgment and allowing the jury to decide that Dang was an agent of PHL [Rental] as a matter of law and by committing various reversible error[s] at trial by allowing and/or denying evidence which prevented [PHL Rental] from receiving a fair trial under the Pennsylvania and United States Constitutions.

PHL Rental's Br. at 2. PHL Rental argues the trial court erred when it: (1) denied PHL Rental's summary judgment motion, (2) denied PHL Rental's motion for directed verdict; and (3) granted Barnes' motion in limine to preclude PHL Rental from presenting evidence of Barnes' failure to pay rent and her eviction.[2]

PHL Rental first argues that the trial court erred when it denied its motion for summary judgment. PHL Rental maintains that it did not breach any duty owed to Barnes and that it had no notice of any dangerous

_(Footnote Continued)_ ──────────

100% liable for the damages award. Dang did not file a notice of appeal and is not a party to this appeal.

[2] PHL Rental's issue suggests that it challenges more than one evidentiary ruling. Before the trial court, it argued that the trial court erred when it denied its motion to preclude Barnes from arguing that Dang was PHL Rental's agent. However, PHL Rental has waived this, and any additional evidentiary challenges, by failing to argue them in its brief. **See Commonwealth v. Kearney**, 92 A.3d 51, 66 (Pa.Super. 2014) (stating appellant's failure to develop argument with citation to pertinent authority results in waiver of issue raised on appeal); Pa.R.A.P. 2119(b) (requiring citation to pertinent authority in the argument section of an appellate brief).

condition. It maintains that Dang was not its agent, but rather an independent contractor, and, therefore, his knowledge of any defect cannot be imputed to PHL Rental.

A trial court should grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (quoting *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 812 A.2d 1218, 1221 (Pa. 2002)); *see* Pa.R.C.P. No. 1035.2(1). When considering a motion for summary judgment, "the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party . . . [and] must resolve all doubts as to the existence of a genuine issue of material fact against the moving party[.]" *Summers*, 997 A.2d at 1159.

We review the grant or denial of a motion for summary judgment for an error of law or an abuse of discretion. *Id.* As the Pennsylvania Supreme Court has explained:

> [T]he issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo.* This means we need not defer to the determinations made by the lower tribunals. *Weaver v. Lancaster Newspapers, Inc.*, 926 A.2d 899, 902–03 (Pa.2007) (internal citations omitted). To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record. *Id.*, at 903.

*Id.*

The trial court addressed the claim that it erred in denying PHL Rental's summary judgment motion in its Rule 1925(a) opinion and properly concluded that whether PHL Rental acted as a reasonable landlord and whether PHL Rental knew or should have known of the dangerous conditions were genuine issues of material fact precluding summary judgment. We agree with and adopt the trial court's reasoning. *See* 1925(a) Op. at 4-6.

PHL Rental next contends the trial court erred when it denied PHL Rental's motion for directed verdict. PHL Rental again maintains it had no notice of the alleged defect. It argues that Dang was an independent contractor, not an agent, and, therefore, his knowledge cannot be imputed to PHL Rental. It argues the trial court should not have allowed the "jury to speculate as to whether Dang's knowledge of the defect could be imputed to PHL [Rental] merely because the word 'agent' appeared in some document." PHL Rental's Br. at 22.

This Court applies the following standard of review to orders denying a motion for directed verdict:

> Our standard[s] of review when considering motions for a directed verdict and judgment notwithstanding the verdict are identical. We will reverse a trial court's grant or denial of a judgment notwithstanding the verdict only when we find an abuse of discretion or an error of law that controlled the outcome of the case. Further, the standard of review for an appellate court is the same as that for a trial court.
>
> There are two bases upon which a judgment N.O.V. can be entered; one, the movant is entitled to judgment as a

- 4 -

matter of law and/or two, the evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. With the first, the court reviews the record and concludes that, even with all factual inferences decided adverse to the movant, the law nonetheless requires a verdict in his favor. Whereas with the second, the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.

*Reott v. Asia Trend, Inc.*, 7 A.3d 830, 835 (Pa.Super. 2010) (quoting

*Campisi v. Acme Markets, Inc.*, 915 A.2d 117, 119 (Pa.Super. 2006)

(alteration in original).

The trial court addressed PHL Rental's claim that it should have granted PHL Rental's motion for directed verdict in its Rule 1925(a) opinion, including concluding that it was for the jury to determine whether Dang was PHL Rental's agent or an independent contractor. We find the trial court did not err as a matter of law or abuse its discretion in denying PHL Rental's motion for directed verdict. We agree with and adopt the trial court's reasoning. *See* 1925(a) Op. at 10-15.

PHL Rental next argues the trial court erred when it granted Barnes' motion in limine and precluded PHL Rental from presenting evidence of Barnes' failure to pay rent and her eviction. It maintains the evidence was relevant to Barnes' credibility and to whether she had a motive in accusing PHL Rental of negligence.

This Court has stated:

The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling

- 5 -

by the trial court upon a showing that it abused its discretion or committed an error of law.

*McManamon v. Washko*, 906 A.2d 1259, 1268 (Pa.Super. 2006) (quoting

*B.K. v. J.K.*, 823 A.2d 987, 991-92 (Pa.Super. 2003)).

The trial court addressed PHL Rental's claim that it should have been permitted to present evidence of Barnes' eviction and late rental payment in its Rule 1925(a) opinion and did not abuse its discretion when it found that the danger of unfair prejudice outweighed the probative value of the proposed evidence. We agree with and adopt the trial court's reasoning. *See* 1925(a) Op. at 7-10. The parties are directed to attach a copy of the trial court's June 28, 2016 opinion in the event of further proceedings in this matter.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2017

- 6 -

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| **PHL RENTAL PROPERTIES, LLC** | : | |
| | : | PHILADELPHIA COUNTY |
| Appellant | : | CASE ID 140200877 |
| | : | |
| v. | : | |
| | : | |
| **RACHITA BARNES** | : | |
| | : | SUPERIOR COURT NO.: |
| Appellee-Plaintiff | : | 2692 EDA 2015 |
| | : | |
| v. | : | |
| | : | |
| **JOHNNY DANG** | : | |
| | : | |
| Appellee-Defendant | : | |

**OPINION**

Appellant PHL Rental Properties, LLC ("Appellant") files this direct appeal from the

Trial Court's Orders issued on May 5, 2015, denying Appellant's Motions for Post-Trial relief.

The Jury found Appellant liable in this matter and awarded damages to Appellee Rachita Barnes

("Appellee"). In accordance with the requirements of Pa. R.A.P. 1925, the Court submits the

following Opinion. For the reasons set forth herein, this Court's decision should be affirmed.

### I.  PROCEDURAL HISTORY

Appellant filed this appeal in response to the Court's final judgment and denial of

Appellant's Post-Trial Motions after a jury trial before this Court.

Appellant filed a Statement of Errors Complained of on Appeal ("Statement of Errors").

Appellant, in its Statement of Errors, complains of the following:

Barnes Vs Phl Rental Properties, Llc-OPFLD

1

14020008770016

1. The jury's verdict was not supported by the evidence presented at trial and Judgment Not Withstanding Verdict should be granted in PHL's favor.

2. The jury's verdict was not supported by the evidence and shocks the conscious and a new trial should be granted.

3. The court erred by not granting PHL's Motion for Summary Judgment prior to trial.

4. The court erred by failing to grant PHL's Motion in Limine barring Plaintiff from arguing Dang [(Appellee-Defendant)] was an agent of PHL at trial.

5. The court erred by failing to grant PHL's Motion for Non-suit at trial.

6. The court erred by failing to grant PHL's Motion for Directed Verdict at trial.

7. The court erred in allowing the jury to determine whether Defendant Dang was an independent contractor of PHL as a matter of law.

8. The court erred in allowing the jury to determine whether Defendant Dang was an agent of PHL as a matter of law.

9. The court erred in allowing the jury to interpret the management contract between PHL and Dang.

10. The court erred by not allowing Plaintiff tenant's eviction and/or failure to pay rent in evidence at trial.

*Statement of Errors.*

## II. FACTUAL BACKGROUND

Appellee (as tenant) and Appellant (as landlord) entered into a lease agreement ("the Lease") for the purpose of Appellee leasing an apartment at Appellant's property. *NT 4/17/15* at 60–61. Defendant Johnny Dang ("Defendant Dang") was the signatory on behalf of Appellant on the Lease. *Id.* at 62. The Lease stated it was Appellant's responsibility to "maintain the

2

property and common areas in a manner required by law.  Keep the property in good repair and good working order." *Id.*

The Complaint stated that the Property contained slippery steps and improper hand railings, causing Appellee's injuries. Amended Complaint, ¶¶ 6, 8.  Appellee expressly informed Defendant Dang about the slippery steps and improper hand railings prior to the occurrence of her injuries.  Appellant never inspected the Property either at the time of purchase or during the course of ownership. *NT 4/17/15* at 57.  Such an inspection may have revealed discoloration in the steps from over-staining/coating, and the unusually low positioning of the hand railing. *Id.*

Defendant Dang and Appellant had an agreement detailing their relationship ("the Management Agreement"). *NT 4/17/15* at 50, 64.  The Management Agreement referred to Defendant Dang as "agent", but did not define him as an agent. *Id.* at 51, 64.  The Management Agreement stated the Defendant Dang was to "lease, rent and manage the property on behalf of PHL." *Id.*  Further, it was Defendant Dang's intent to be the sole and exclusive agent to lease, rent, and manage the premises, and also report to Appellant as well. *Id.* at 52.  The Management Agreement gave Defendant Dang the authority to hire and fire contractors on behalf of Appellant if maintenance was needed on the Property. *Id.* at 53.  The Management Agreement further stated that Defendant Dang could not act on his own if such conduct would cost more than $350. *Id.*  In such cases, Defendant Dang was required to receive permission from Appellant before acting. *Id.* at 53–54.  Defendant Dang also had the authority on behalf of Appellant to enter into contracts for the Property for gas, electric, and water. *Id.* at 54.  Appellant and Defendant Dang also usually met on a weekly basis for business related to the Property. *Id.*  Furthermore, Defendant Dang was paid through a profit-sharing method. *Id.* at 65.  At the conclusion of each year, Defendant Dang was paid forty-five percent of net profits paid on the Property. *Id.*

3

Appellant, as represented by Mr. Bala Balasubramanian ("Mr. Bala"), never once went inside the Property to inspect the Property at the time of purchase or thereafter. *Id.* at 58. Mr. Bala testified that no modification was ever made to the steps and that he had no knowledge of any discoloration on the steps, or why they appeared to be in the particular condition they were in at the time of the incident. *Id.* Mr. Bala knew that Appellant was responsible for keeping the Property in a safe condition. *Id.* at 58–59. Additionally, Defendant Dang never informed Mr. Bala regarding any issue with the railing, which was shorter than the Philadelphia Code requires. *Id.* at 59.

Appellee sustained serious and permanent injuries, including a fractured and displaced left fibula, and a rupture of the right quadriceps tendon, both requiring surgical repair. Amended Complaint, ¶ 10. As a consequence of those injuries, Appellee has scars from the surgery, the inability to walk normally, swelling, pain, and limitation in range of her motion and activities. Amended Complaint, ¶¶ 11–12.

At the conclusion of the jury trial, the Jury found in favor of Appellee, awarding $450,000.00 in damages.

## III. DISCUSSION

*1. Trial Court did not err when denying Appellants' Motion for Summary Judgment because genuine issues of material fact existed from Appellee's Complaint.*

Appellant argues that the Trial Court erred in failing to grant the Appellant's Motion for Summary Judgment. Because there were many genuine issues of material fact as a result of Appellee's Complaint, Appellant's statement of error is without merit.

The Appellate Court's standard for review of a denial of summary judgment is plenary, and the same standard is applied at the appellate court level as at the trial level. *Juniata Valley Bank v. Martin Oil Co.*, 736 A.2d 650, 655 (Super. Ct. 1999). The summary judgment standard

4

is governed by Pa.R.C.P. No. 1035.2(a), which provides: "After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

Summary judgment is proper only when the entire record clearly shows no existence of a genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Summers v. Certainteed Corp.*, 606 Pa. 294, 307, 997 A.2d 1152, 1159 (2010). However, when reviewing the record, the record must be viewed in a light most favorable to the non-moving party. *Id.* Furthermore, once a moving party establishes the absence of a genuine issue of material fact, the burden shifts and the opposing party must point to either "one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion . . . or evidence in the record establishing the facts essential to the cause of action . . . which the motion cites as not having been produced." Pa. R.C.P. 1035.3(a)(1)–(2).

To make a prima facie negligence claim for injuries occurring on a property, the plaintiff must show that the defendant is liable for injuries caused to the plaintiff by a condition on the property if Defendant knew or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to invitees, and should expect that invitees will not discover the danger or will fail to protect themselves against it, and fails to

5

exercise reasonable care to protect the invitee against the danger. Restatement (Second) Torts §343.

In the Complaint, Appellee asserted that she was on Appellant's premises at the time of the incident. Furthermore, Appellant either knew or should have known that the Property had slippery steps and improper hand railings, which were likely to involve an unreasonable risk of harm to invitees because Appellee told Defendant Dang about the issues. Although invitees, may have discovered the danger, Appellee may have been unable to protect herself from the danger, as she fell, causing serious and permanent injuries to her person. Finally, the Complaint stated that Appellant failed to exercise reasonable care to protect Appellee because Appellant left the Property in an unreasonable condition.

The question of whether Appellant acted as a reasonable landlord would have in this situation, and whether Appellant knew or should have known of the dangerous conditions were genuine issues of material fact for the jury to decide. Therefore, it was proper for the Trial Court to deny Appellants' Motion for Summary Judgment, and the Appellate Court should affirm that decision.

2. *The Trial Court did not err in denying Appellant's Motion in Limine to bar Appellee in her opening statements from offering suggestions that supported that Defendant Dang was an agent of Appellant.*

Appellant argues that the Trial Court erred in failing to grant the Appellant's Motion in Limine to bar Appellee from arguing in her opening statements that Defendant Dang was an agent of Appellee PHL at trial. The Appellant's statement of error is without merit and the Trial Court's decision to deny the motion in limine should be affirmed.

An agency relationship arises when (1) the manifestation by the principle that the agent shall act for him or her; (2) the agent's acceptance of the undertaking; and (3) the understanding

6

of the parties that the principal is to be in control of the undertaking. *Basile v. H & R Block, Inc.*, 761 A.2d 1115 (Pa. 2000). "It is well settled in the law of this jurisdiction that knowledge of an agent, acting within the scope of his authority, real or apparent, may be imputed to the principal, and, therefore, knowledge of the agent is knowledge of the principal." *Rosenberry v. Evans*, 48 A.3d 1255, 1262 (Pa. Super. 2012).

The Management Agreement between Defendant Dang and Appellant suggested that Defendant Dang was the agent of Appellant as Appellant was bound by Defendant Dang's actions and inactions. Appellee's counsel did not refer to Defendant Dang as Appellant's agent, but instead told the jury that the evidence would show Defendant Dang was an agent of Appellant. *NT 4/17/15* at 25. Stating such was not prejudicial to Appellant and was certainly relevant to the matter before the Trial Court. Alternatively, Appellee never actually referred to Defendant Dang, in opening, as Appellant's agent, and therefore, this statement of error is moot because Appellee followed Appellant's wishes in their motion in limine. Therefore, the Trial Court did not err when denying Appellant's Motion in Limine to bar Appellee from referring to Defendant Dang as Appellant's agent, and the Appellate Court should affirm the Trial Court's decision.

3. *The Trial Court did not err when it did not permit Plaintiff's eviction from Appellant's property or her failure to pay rent into evidence at trial.*

Appellant argues that the Trial Court erred by granting Appellee's Motion in Limine precluding any reference to Appellee's rental payments or eviction from Appellant PHL's property. This statement of error is without merit.

Evidence is only relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." 225 Pa. Code. § 401. Irrelevant evidence is not admissible in trial. 225 Pa. Code § 402.

7

Furthermore, a court may deem relevant evidence inadmissible "if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." 225 Pa. Code. § 403.

Appellee filed a motion in limine to preclude any reference to Appellee's rental payments or eviction. During oral argument, not in the purview of the jury, it was argued that Appellee was evicted due to issues with rental payments. *NT 4/16/15* at 5–6. Appellee's counsel argued that neither the rental payment issues nor the eviction was relevant to this matter, which only involves Appellant's and Defendant Dang's negligence causing Appellee's injuries. *Id.* at 6. Appellant's counsel counter-argued that there was no undue prejudice about presenting such evidence because not paying rent on time, leading to eviction, is a dishonest act and goes to credibility of Appellee as a witness. *Id.* at 7. Defense counsel further added that such evidence is relevant to show Appellee is seeking revenge against Defendants. *Id.* Defense cited to *Shiner v. Moriarty*, 706 A.2d 1228 (Pa. Super. 1998) to support the argument that motive can be probative in a civil case.

In *Shiner*, the attorney appellants argued that the trial court erred by admitting irrelevant and unduly prejudicial evidence, including "several judicial opinions elaborating on the various legal filings by" other appellants. 706 A.2d at 1234. The Superior Court affirmed the trial court's decision to admit such evidence because admitting such was within the trial judge's sound discretion. *Id.* at 1235. Absent any abuse of discretion, the court will not reverse a trial judge's holding on relevance. *Id.* (citation omitted). The court found that the opinions were relevant to show the appellant's motive to move forward with litigation. *Id.* "The subjective motivation for continuing each avenue of litigation in the face of repeated setbacks was a cruicial

8

determination in assessing liability. The judicial responses to the varied legal filing and the subsequent actions of defendants were highly probative of their motives." *Id.* The plaintiffs used the opinions to present expert testimony regarding how an attorney would interpret such opinions to determine how to move forward with litigation. *Id.* "While the history of the business dealings between the parties suggests a motive for [one party to exact revenge upon another party], the expert testimony was the strongest evidence of the attorney defendants' indulgence of that motive through a multiplicity of vexatious legal maneuvers." *Id.*

However, in affirming the trial court's decision, the court went on to state that there was a "possibility that the jury could have decided the case in the Shiners' favor based upon the indications by the judges that they considered the underlying litigation to be repetitive and without legal foundation. We cannot say, however, in light of the centrality of the relevant and proper consideration of these opinions to the Shiners' claims against attorney defendants, that the trial court erred in not determining that the danger of the otherwise impermissible use of these opinions substantially outweighed their probative value." *Id.*

The instant case is not similar to the facts in *Shiner*. The Trial Court granted Appellee's motion in limine to preclude reference to Appellee's rental payments and eviction because the court found that undue prejudice outweighed any probative value of such evidence. The evidence would have shown that Appellee was late on numerous rental payments and, as a result, was evicted. Such evidence has very little probative value in proving motive because such evidence has absolutely nothing to do with the fact that Appellant kept an apartment building in disrepair, causing Appellee's injuries. Therefore, to prohibit such evidence was not in error because while the evidence was relevant to attack Appellee's credibility as a witness, and motive

9

for bringing the case, the undue prejudice arising from allowing such testimony would greatly outweigh any probative value in the minds of the jury.

As in *Shiner*, this Trial Court did not abuse its discretion. Unlike *Shiner*, the Trial Court chose to preclude motive evidence that had little probative value compared to the undue prejudice it would cause in the minds of the jury. Therefore, the Trial Court did not err and the Superior Court should affirm its decision.

4. *The Trial Court did not err when denying Appellant's Motions for Judgment Not Withstanding Verdict, Directed Verdict, New Trial, and Non-Suit because sufficient evidence was offered by Appellee to support her claims, and the verdict award did not shock the conscience.*

Appellant claims that the Trial Court erred by failing to grant Appellant's Motions for Judgment Not Withstanding Verdict ("JNOV"), Directed Verdict, New Trial, and Non-Suit. Appellant's statements of error are without merit.

The Appellate Court's standard of review for considering motions for directed verdict, and JNOV are identical. *Reott v. Asia Trend, Inc.*, 7 A.3d 830, 835 (Pa. Super. 2010). The Appellate Court should only reverse the trial court's ruling when an abuse of discretion or error of law exists. *Id.* The Appellate Court's standard of review is also the same for decisions of whether to grant a new trial and nonsuit. *Peterson v. Shreiner*, 822 A.2d 833, 836 (Pa. Super. Ct. 2003), *Commonwealth v. Ortho-McNeal-Janssan Pharmaceuticals, Inc.*, 52 A.3d 498, 504 (Pa. Super. 2012). The Appellate Court should not reverse the trial court's decision unless "the court palpably abused its discretion or committed an error of law." *Peterson*, 822 A.2d at 836.

A. The Trial Court Did Not Err in Refusing to Grant Appellant's Motions for Judgment Notwithstanding the Verdict and Directed Verdict.

JNOV can be entered when the moving party is entitled to judgment as a matter of law and the evidence is such that no two reasonable minds could disagree that the verdict should

10

have been in the movant's favor. *Campo v. St. Luke's Hospital,* 755 A.2d 20, 23 (Pa. Super. 2000) (citations omitted), *Campisi v. Acme Markets, Inc.,* 915 A.2d 117, 119 (Pa. Super. 2006). With a judgment as a matter of law, the court reviews the record and determines that the law requires a verdict in the movant's favor even with all factual inferences decided against the movant. *Campo,* 755 A.2d at 23. In order to determine if no two reasonable minds disagree, the court must review the evidence and determine that it was such that "a verdict for the movant was beyond" chance. *Id.*

In civil cases, when the evidence is insufficient to sustain the verdict, a JNOV and directed verdict can be granted. *See Lilley v. Johns-Manville Corp.,* 408 Pa. Super. 83, 91, 596 A.2d 203, 206-07 (1991). The Superior Court has determined that when a party is seeking a JNOV, "the claim that the verdict was against the *weight* of the evidence cannot be remedied by a directed verdict" and the Court must review the *sufficiency* of the evidence to determine if it sustains the verdict. *Lanning v. W.,* 803 A.2d 753, 766 (2002). Additionally, the jury, as the fact-finder, is "free to believe all, some, or none of the testimony presented by a witness." *Peterson v. Shreiner,* 822 A.2d 833, 839 (Pa. Super. Ct. 2003).

Here, Appellant is not entitled to JNOV or directed verdict as Appellant is not entitled to judgment as a matter of law and no two reasonable minds could disagree that the verdict should have been in Appellant's favor because if all factual inferences were adverse to Appellant, the law would certainly not require a verdict in its favor. *See Campisi,* 915 A.2d at 119. The jury's verdict finding Defendant Dang and Appellant negligent, and Defendant Dang's negligence to be a factual cause in bringing about Appellee's injuries was based upon evidence presented at trial. The Jury came to a unanimous decision that Defendant Dang and Appellant (via respondit

11

superior) were directly responsible for Appellee's injuries. Therefore, no two reasonable minds could agree that the verdict should have been in Appellant's favor.

Furthermore, Appellant is not entitled to judgment as a matter of law because the witnesses established that Appellant and Defendant Dang, who were the property owner and property manager, owed Appellee a duty to provide a safe rental property. Both Mr. Bala and Defendant Dang admitted that they had such a responsibility to Appellee, but merely denied that the Property was unsafe. The evidence established that Appellant PHL and Defendant Dang breached their duties owed, which caused Appellee's injuries. Therefore, the Trial Court did not err or commit abuse of discretion by denying Appellant's Motions for JNOV or directed verdict, and the Appellate Court should affirm the Trial Court's decision.

B. The Trial Court Did Not Err in Refusing to Grant Appellant a New Trial

A new trial may be granted on the ground that the verdict was against the weight of the evidence only when "the jury's verdict is so contrary to the evidence as to shock one's sense of justice, and the award of a new trial is imperative so that the right [party] may be given another opportunity to prevail." *Cianci v. Burwell*, 299 Pa. Super. 387, 390, 445 A.2d 809, 810 (1982). Additionally, the jury, as the fact-finder, is "free to believe all, some, or none of the testimony presented by a witness." *Peterson v. Shreiner*, 822 A.2d 833, 839 (Pa. Super. Ct. 2003).

Here, the Trial Court did not err by denying Appellant a new trial because the jury's verdict was not so contrary to the evidence as to shock one's sense of justice. Evidence showed that Appellee sustained serious and permanent injuries, including a fractured and displaced left fibula, and a ruptured right quadriceps tendon. As consequences of those injuries, Appellee has scars from the surgery, the inability to walk normally, swelling, pain, and limitation in range of her motion and activities. Considering the extent of her medical treatments and injuries caused

12

by Appellant's and Defendant Dang's negligence, the verdict of $450,000.00 does not shock one's conscience. Therefore, the jury verdict was not against the weight of the evidence and the Trial Court did not err by not granting a new trial.

## C. The Trial Court Did Not Err in Refusing to Grant Appellant's Motion for Nonsuit.

Nonsuit may only be granted if, viewing the evidence and all reasonable inferences arising from the evidence in a light most favorable to the plaintiff, the jury could not conclude that the cause of action's elements were established. *Commonwealth v. Ortho-McNeal-Janssan Pharmaceuticals, Inc.*, 52 A.3d 498, 504 (Pa. Super. 2012).

Here, this Court did not abuse its discretion by denying the Appellant's request for nonsuit. As referenced *supra*, Appellee offered sufficient amount of evidence to support a claim of negligence against Appellant. Therefore, Appellant's claim that this Court erred in denying the request for nonsuit is without merit and the Appellate Court should affirm the Trial Court's decision.

5. *The Trial Court did not err when it allowed the jury to determine whether Defendant Dang was an agent or independent contractor of Appellant.*

Appellant claims that the Trial Court erred by allowing the jury to determine whether Defendant Dang was an agent or independent contractor of Appellant. Furthermore, Appellant claims that the Trail Court erred by allowing the jury to interpret the Management Agreement. Appellants' statements of error are without merit.

"The question whether the relation of master and servant existed between two persons is one for the court alone, in any case where the answer depends upon the meaning of a written contract. Otherwise that question is one of fact for the jury, whenever the evidence is adequate to support the inference that the relation existed as alleged, or where the evidence as to the material circumstances is conflicting." *Eckert v. Merchant's Shipbuilding Corp.*, 280 Pa. 340,

13

351 (1924). Furthermore, when the facts are in dispute as to whether the company's *worker* is an agent or independent contractor, it is the jury's exclusive function to use the evidence to determine the exact nature of the master and servant relationship. *Melmed v. Motts*, 341 Pa. Super. 427, 430–31 (1985). However, if there is no dispute regarding whether the *worker* is an agent or independent contractor, then the decision is a legal one, left to the court. *Id.*

The Trial Court found that whether Defendant Dang was an independent contractor or agent was in dispute. As stated *supra*, Appellee presented evidence that Defendant Dang was acting as the agent of Appellant. Furthermore, the Management Agreement referred to Defendant Dang as the agent of Appellant. However, Appellant argued that Defendant Dang was an independent contractor. Both parties agreed and did not object to the jury instructions related to what an agent is and what an independent contractor is, and therefore, waived any objection to the Trial Court permitting such instructions in Post-Trial Motions or on appeal. Furthermore, Appellant agreed to allow questions 7 and 8 on the verdict sheet.[1]

Additionally, Appellant argued that the Trial Court allowed the jury to interpret the Management Agreement. "The interpretation of a contract is a matter of law and, as such, we need not defer to the trial court's reading of the [a]greement." *Lenau v. Co.eXprise, Inc.*, 102 A.3d 423, 429 (Pa. Super. 2014).

The Trial Court properly permitted the jury to determine a question of fact in relation to the Management Agreement because the facts were in dispute as to whether Defendant Dang was the agent or independent contractor of Appellant. Appellant agreed to certain portions of the

---

[1] Question 7 on the Verdict Sheet reads: "Was the Defendant Johnny Dang an independent contractor of Defendant PHL Rental Properties, LLC?" Question 8 on the Verdict Sheet reads: "Was the Defendant Johnny Dang an agent of Defendant PHL Rental Properties, LLC?"

Management Agreement to be seen by the jury, and therefore, any objection now to the same shall be waived.

Because Appellant waived any right to appeal on this matter by agreeing to the verdict sheet questions, and that the fact of whether Defendant Dang was a fact in dispute, such were questions for the jury to determine. Therefore, the Trial Court did not err and the Appellate Court should affirm the decision.

## IV.  CONCLUSION

For all of the foregoing reasons, the Court's ruling should be remanded to the Trial Court.

BY THE COURT:

Date: June 28, 2016

Lisette Shirdan-Harris, J.

15